IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2068-FL

| | | |
|---|---|---|
| PATRICK RICARDO SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIK A. HOOKS, Secretary, N.C. | ) | |
| Department of Public Safety, et al., | ) | |
| | ) | |
| Respondent.[1] | ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondents' motion for summary judgment (DE 11). The motion was fully briefed and the issues raised are ripe for decision. For the reasons stated below, the court grants respondents' motion.

**STATEMENT OF THE CASE**

On March 27, 2003, a North Carolina jury convicted petitioner of robbery with a dangerous weapon. State v. Smith, No. COA03-1700, 2005 WL 351247, at *1 (N.C. Ct. App. Feb. 15, 2005). The trial court sentenced petitioner to a term of 117 to 150 months' imprisonment. Petitioner appealed his conviction and sentence, but the North Carolina Court of Appeals affirmed on February 15, 2005. Id. at *5. On March 22, 2005, petitioner filed notice of appeal and petition for

---

[1] Petitioner named "State of North Carolina" as respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Respondents represent that Erik A. Hooks ("Hooks"), the Secretary of the North Carolina Department of Public Safety, and other unidentified parties designated "et al." are the proper respondents in this action. (See Mot. Summ. J. (DE 11) at 1). The court has constructively amended the case caption to reflect the correct respondents in this action, and will direct the clerk to so amend the caption on the docket.

discretionary review with the North Carolina Supreme Court. (Resp't App. Exs. 1-2 (DE 13-1, 13-2)). On May 4, 2005, the North Carolina Supreme Court granted the State's motion to dismiss the notice of appeal and denied the petition for discretionary review. ((Resp't App. Ex. 2 (DE 13-2)).

On an unidentified date, petitioner filed postconviction motion for appropriate relief in the trial court, which was denied on January 15, 2009. Petitioner filed second motion for appropriate relief on February 5, 2018, which was denied on February 19, 2018.

On March 19, 2018, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging his state judgment of conviction should be vacated because the arrest warrant was not supported by probable cause, and the indictment was defective because it failed to allege his name. On April 26, 2018, petitioner filed motion to alter judgment. On October 2, 2018, the court denied petitioner's motion to alter judgment, conducted its frivolity review of the petition, and allowed the matter to proceed.

On October 25, 2018, respondents filed the instant motion for summary judgment, relying upon memorandum of law, statement of material facts, and appendix. Respondents' appendix included records from petitioner's criminal proceedings at the trial and appellate levels. Petitioner filed response in opposition on February 19, 2019, relying upon memorandum of law.

## STATEMENT OF THE FACTS

The facts as summarized by the North Carolina Court of Appeals are as follows:

The State's evidence tended to show that on 12 July 2002 Nathan Phillips, a lineman employed by BellSouth, was working at the intersection of Lee and Blount Streets in Raleigh. As Phillips walked around his BellSouth van to reach a cable box, he noticed two males walking in his direction. Phillips knelt down to inspect the box, and defendant confronted him as he was standing up. Phillips observed defendant holding a gun and the other male positioned at the back of the van. Defendant asked Phillips where his tools were, and the other male jumped inside the van and grabbed a hard hat and tools. Defendant, still holding the gun, told Phillips to take off his

shirt. Defendant and the other male took Phillips' shirt, hard hat, butt set, tool belt, and various tools and ordered him to get inside the van. After waiting approximately 20 seconds, Phillips called the police.

The State's evidence also showed that several weeks later on 2 August 2002 defendant committed an armed robbery at the Cash in Advance on Raeford Road in Fayetteville. Defendant approached the teller counter and informed an employee that he needed to check the phone lines. The employee observed that defendant was wearing a tool belt and BellSouth shirt and hard hat and carrying a butt set (red phone that repairmen plug in to check telephone lines). The employee asked defendant for identification, and defendant retrieved a BellSouth ID badge from his car and displayed it quickly. After the employee unbolted the door, defendant pulled out a gun and pointed it at her. Defendant asked where the money was and then retrieved about a thousand dollars from the teller drawers. As defendant was leaving, a customer present during the incident took down the license plate number of defendant's car. Detective Christopher Corcione of the Fayetteville Police Department traced the plate number to Michael Anthony Cox of Raleigh. Detective Mark Utley of the Raleigh Police Department and Detective Corcione interviewed Cox, who told them that he had obtained the license plate for defendant because defendant had no driver's license. Based upon this information, Detective Utley assembled a photographic lineup and showed it to Phillips. Phillips identified defendant as the person who robbed him on 12 July 2002.

Smith, 2005 WL 351247, at *1.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted).

3

B.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application . . . is removed . . .;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for postconviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Here, the statute of limitations began to run on the date petitioner's judgment became final by the conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As noted, the North Carolina Court of Appeals issued opinion affirming petitioner's judgment of conviction on February 15, 2005, and the North Carolina Supreme Court denied review on May 4,

4

2005, which was witnessed on May 11, 2005. (Resp't App. Ex. 3 (DE 13-2)). Petitioner then had 90 days from May 11, 2005, to petition the United States Supreme Court for direct review of his conviction and sentence. See Sup. Ct. R. 13.1 (providing 90 days in which to file a certiorari petition with the United States Supreme Court from a final order of a state's highest court denying review); Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Because petitioner did not seek direct review with the Supreme Court, his conviction became final on August 9, 2005. Thus, absent tolling, the statute of limitations expired on August 9, 2006.

As noted, the one-year statute of limitations is tolled during the time period in which a properly-filed motion for state postconviction relief is pending. 28 U.S.C. § 2244(d)(2). Petitioner signed the instant habeas petition on March 4, 2018,[2] over 12 years after the conviction became final on August 9, 2005. Petitioner therefore must establish that his postconviction motions for appropriate relief tolled the statute of limitations for over 11 years. See Hill v. Braxton, 277 F.3d 701, 705-07 (4th Cir. 2002) (habeas petitioner bears the burden of demonstrating tolling if respondent raises statute of limitations defense).

Petitioner cannot make this showing. Petitioner states that he filed motion for appropriate relief at an unidentified time, which the state trial court denied on January 15, 2009. Assuming petitioner filed the motion the day his conviction became final, the statute of limitations was tolled until final disposition by the state court of his motion for appropriate relief. Taylor, 187 F.3d at 561.

---

[2] The prison mailbox rule, which states the court must consider prisoner filings filed on the date the prisoner places the filing in the prison mail system, applies to petitioner's habeas petition. See Houston v. Lack, 487 U.S. 266, 275-76 (1988). Here, the court will use the date petitioner signed the petition to determine the date it was placed in the prison mail system.

Petitioner states the trial court denied the motion on January 15, 2009. Because petitioner did not seek appellate review of the trial court's denial of his first motion for appropriate relief, the tolling period expired at the "expiration of the period of time to seek further appellate review [of the state postconviction motion]." Id.

Under the North Carolina Rules of Appellate Procedure, the court of appeals shall dismiss a petition for writ of certiorari seeking review of an order denying a motion for appropriate relief "in the event the petitioner unreasonably delays in filing the petition." N.C. R. App. P. 21(e). The North Carolina Supreme Court has not defined the term "unreasonable delay." This court, however, has predicted the North Carolina Supreme Court would consider delays exceeding 30 days to be unreasonable in most circumstances. See Coley v. Hooks, No. 5:16-HC-2308-FL, 2018 WL 1570799, at *4 (E.D.N.C. Mar. 30, 2018) (citing Evans v. Chavis, 546 U.S. 189, 198-201 (2006)), appeal dismissed, 735 F. App'x 105 (4th Cir. 2018). The court adheres to its prior analysis, and affords petitioner 30 days to petition for discretionary review of the trial court's order denying his motion for appropriate relief.

As a result, petitioner had 30 days from the trial court's January 15, 2009, denial of his motion for appropriate relief to petition the North Carolina Court of Appeals for discretionary review. The tolling period triggered by petitioner's first motion for appropriate relief therefore expired on February 14, 2009. See Taylor, 187 F.3d at 561. The statute of limitations then ran uninterrupted from February 14, 2009, until it fully expired one year later on February 14, 2010. The instant petition, filed on March 4, 2018, therefore is untimely.

Petitioner also does not qualify for any of the alternative limitations periods set forth in § 2244(d)(1). Petitioner does not allege that his claims are based on a new rule of constitutional law

6

made retroactive to cases on collateral review, or that the factual predicate of the claims could not have been discovered through the exercise of ordinary diligence until after his conviction became final. See 28 U.S.C. § 2244(d)(1)(C)-(D). Additionally, petitioner has presented no evidence suggesting a state impediment prevented him from filing earlier. Id. § 2244(d)(1)(B).

Petitioner also is not entitled to equitable tolling of the statute of limitations. Although the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted). Petitioner has not established that extraordinary circumstances prevented him from complying with the one-year state of limitations.

Petitioner's claims are without merit for additional reasons beyond the statute of limitations. Petitioner's Fourth Amendment claim challenging probable cause for his arrest is not cognizable on habeas review provided petitioner was afforded a full and fair opportunity to litigate this claim in state court. See Stone v. Powell, 428 U.S. 465, 481-82 (1976); see also Wright v. West, 505 U.S. 277, 293 (1992). The state court afforded petitioner opportunity to file pretrial motions, trial, and appeal as of right. See Smith, 2005 WL 351247, at *1-5. Petitioner has not demonstrated that he did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court.

Petitioner also alleges that the indictment is defective because it did not allege his name. This claim is blatantly contradicted by the record. (See Indictment (DE 13-4) (providing petitioner's

name on the indictment)). Patently false and frivolous habeas claims may be summarily dismissed. See Blackledge v. Allison, 431 U.S. 63, 75-76 (1977); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recogn'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

In sum, petitioner's claims are barred by the applicable statute of limitations, his Fourth Amendment claim is barred under Stone v. Powell, and his claim challenging the sufficiency of the indictment is factually unsupported. Accordingly, the court grants respondents' motion for summary judgment.

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis,137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason

would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Based on the foregoing, the court GRANTS respondents' motion for summary judgment (DE 11) and DENIES a certificate of appealability. The clerk is DIRECTED to close this case, and to amend the docket as set forth in footnote one.

SO ORDERED, this the 17th day of September, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge